**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaiah Hoover,<br><br>    Plaintiff,<br><br>v.<br><br>Swift Transportation Company,<br><br>    Defendant. | No. CV-18-03314-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Swift Transportation Company's ("Defendant") Motion to Dismiss Plaintiff Isaiah Hoover's ("Plaintiff") First Amended Complaint, (Doc. 13). (Doc. 23). Plaintiff has responded, (Docs. 27 & 28), and Defendant has replied, (Doc. 33). Plaintiff has also filed a Motion to Amend the First Amended Complaint, (Doc. 25), as well as a supporting exhibit, (Doc. 29), and a memorandum, (Doc. 31). Defendant has responded to Plaintiff's Motion to Amend, (Doc. 34), and Plaintiff has not replied. The Court now rules on the motions.

**I.  BACKGROUND**

The Court first briefly recounts Plaintiff's allegations. Broadly speaking, Plaintiff organizes his allegations around Defendant's failure to investigate or respond to the actions of three employees: Ken, Timmy Dale, and Gustavo. (*See* Doc. 13).

Plaintiff, who is African-American, alleges that Ken, a manager with an unknown last name, verbally abused him during training by repeatedly calling him "boy"—a word historically used as a racial epithet (*Id.* at 2). Plaintiff also alleges that after he reported

Ken's conduct to the human resources department, Plaintiff's next trainer told Plaintiff that he did not want to train Plaintiff anymore and requested Plaintiff's transfer to another truck. (*Id.* at 3).

Later, Timmy Dale was assigned to be Plaintiff's trainer. (*Id.* at 4). Plaintiff alleges that Dale: asked Plaintiff to drive beyond his "hours of services;" became verbally abusive in response to Plaintiff opening a can of tuna before spraying a bottle of air freshener in his face; and threatened retaliation, using racial slurs, when Plaintiff decided to report him to human resources. (*Id.* at 4-5). Plaintiff also alleges that the morning after reporting Dale's behavior to a supervisor, the supervisor issued a disciplinary warning to Plaintiff and had him transferred to another truck. (*Id.* at 5-6).

Most of Plaintiff's allegations, however, concern Gustavo. (*Id.* at 6-12). Among other things, Plaintiff alleges that he repeatedly refused Gustavo's unwelcome sexual advances. (*Id.* at 7-9). He also alleges that Gustavo complained that "[t]he worst part of his [j]ob is training Black Ethiopian men, [b]ecause of their [o]dor, accents, and they can't [d]rive." (*Id.* at 9). According to Plaintiff, Gustavo kept an ornament depicting "[t]hree black [m]onkeys . . . swinging from . . . nooses across his dash board [sic]." (*Id.*). Plaintiff describes an episode where Gustavo became physical with him by forcefully taking a communication device from his hand after he had decided to report Gustavo's behavior. (*Id.* at 10). He also claims that Gustavo intentionally gave him lower scores on driving exams, and even damaged his own truck, in his effort to hinder Plaintiff's workplace success. (*Id.* at 10-11). Plaintiff reported this to the human resources department, but he alleges they took no action and he was ultimately fired. (*Id.* at 11-12).

Based on these allegations, Plaintiff contends that Defendant discriminated against him on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also appears to allege a claim for intentional infliction of emotional distress based on the same underlying conduct. Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff's Title VII claims are time-barred and that his intentional infliction of emotional distress claim is not

sufficiently pleaded.

## II. DISCUSSION

### A. Legal Standard

When a claim either lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory, the Court must grant a motion to dismiss for failure to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Only a complaint that satisfies Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," will survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 requires a complaint to plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint shows facial plausibility by pleading factual content that allows the Court to draw reasonable inferences as to the defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 556). But when "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In ruling on the motion, the Court must take as true all well-pleaded factual allegations but need not accept conclusory statements. *Id.*

The Court may also grant a motion to dismiss when it is clear from the face of the complaint that a plaintiff's claims fall outside the applicable statute of limitations. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "A court should not dismiss a complaint unless [the] plaintiff cannot plausibly prove a set of facts demonstrating the timeliness of the claim." *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007). Dismissal is warranted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F. 3d 987, 991 (9th Cir. 1999)). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution by a Rule 12(b)(6) motion.'" *Supermail Cargo, Inc. v.*

*United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

### B. Title VII

Defendant argues that Plaintiff's Title VII claim must be dismissed because he filed his complaint more than 90 days after the EEOC notified Plaintiff of his right to sue, meaning his claim is barred by the statute of limitations. (Doc. 23 at 5). Plaintiff appears to assert that his late filing was due to the EEOC's administrative error, tolling the statute. (Doc. 28 at 7-8).

After dismissing a claim, the EEOC must notify a claimant to inform him that he has 90 days to bring a civil action. *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992) (citing 42 U.S.C. § 2000e-5(f)(1)). "This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citation omitted). The doctrine of equitable tolling may afford relief to an untimely filer, but "only sparingly" and not if "the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam)).

Plaintiff alleged he received his right-to-sue letter on July 13, 2018, the same date the EEOC mailed it to him. (Doc. 1 at 5, 53). Thus, Plaintiff had until October 11, 2018, to bring his civil action. Plaintiff filed his complaint on October 15, 2018. (Doc. 1 at 1). Because Plaintiff brought his civil action 94 days after receiving the right-to-sue letter, his claim is barred by the statute of limitations unless his case is the rare one in which equitable tolling applies.

Although nothing in the complaint invokes the doctrine of equitable tolling, Plaintiff claims it applies here because of the EEOC's negligence, pointing to a letter in which the EEOC acknowledged that, "[d]ue to an administrative error, the Charge of Discrimination was not formalized and served on [Defendant] until June 19, 2018." (Doc. 29 at 4). It is not clear how, if at all, the EEOC's failure to serve the charge of discrimination on Defendant

until June 19, 2018, could in any way affect Plaintiff's ability to act on a notice sent to him nearly one month later. Therefore, assuming the truth of Plaintiff's own allegations, the statute of limitations has run.

The Court remains mindful, however, that a plaintiff is generally "not required to plead around anticipated affirmative defenses, including the statute of limitations," *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 478 (S.D. Cal. 2012) (citing cases), and that a Rule 12(b)(6) order is typically not an ideal vehicle to address whether equitable tolling applies. Therefore, because Plaintiff could possibly plead the elements of equitable tolling, the Court shall grant Plaintiff leave to amend. *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In amending, Plaintiff must affirmatively plead facts that, if proven, would entitle him to equitable tolling.[1]

### C. Intentional Infliction of Emotional Distress

Defendant next argues that Plaintiff has alleged insufficient facts to state a plausible claim of intentional infliction of emotional distress. (Doc. 23 at 6). Specifically, Defendant argues that Plaintiff has not alleged that Defendant engaged in any outrageous conduct. (Docs. 23 at 7-8; 33 at 3-4). Plaintiff appears to understand Defendant to argue that he was required to specifically use the words "extreme and outrageous," asking the Court to permit him to amend his complaint so that he can add that allegation. (Doc. 28 at 9-10).[2]

---

[1] Because the Court concludes that Plaintiff's Title VII claim is barred by the statute of limitations absent proof that equitable tolling applies, the Court need not address Defendant's alternative argument that Plaintiff's Title VII claim must be dismissed because he failed to exhaust his administrative remedies. (Doc. 23 at 4-5).

[2] Defendant's argument that Plaintiff was required to allege extreme and outrageous conduct in order to state a claim for intentional infliction of emotional distress is premised entirely on Arizona law. (Docs. 23 at 7-8; 33 at 3-4). This Court must apply Arizona's choice-of-law rules to determine what law governs this tort claim. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). The complaint, however, does not specify where the conduct complained of occurred beyond mentioning that one of the incidents took place while driving from Georgia to California. (Doc. 13 at 4). Thus, although Arizona's substantive tort law may not apply under the Second Restatement's interests analysis, *see Pounders v. Enserch E & C, Inc.*, 306 P.3d 9, 11 ¶ 9 (Ariz. 2013) (explaining that Arizona follows the Second Restatement's choice-of-law approach), the Court has assumed it does for purposes of this order only.

Arizona follows the Restatement (Second) of Torts § 46 and allows recovery "where one intentionally causes another severe emotional distress . . . even in the absence of a resulting physical harm." *Savage v. Boies*, 272 P.2d 349, 358 (Ariz. 1954). Stating a claim for intentional infliction of emotional distress requires alleging that: (1) the defendant's conduct was "extreme and outrageous," (2) the defendant intended to, or recklessly disregarded the near certainty that he would, cause emotional distress, and (3) resulting severe emotional distress. *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980). Whether a defendant's conduct is reasonably regarded as extreme and outrageous is a preliminary question for the court. *Id.* This is a "high standard." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1059 (9th Cir. 2007); *Watts*, 619 P.2d at 1035 ("[T]he conduct necessary to sustain an intentional infliction claim falls at the very extreme edge of the spectrum of possible conduct."). A plaintiff adequately pleads this first element so long as "reasonable minds could differ about whether the conduct is sufficiently outrageous" to clear this high bar. *Johnson v. McDonald*, 3 P.3d 1075, 1080 ¶ 23 (Ariz. Ct. App. 1999). Although this normally calls for a case-by-case inquiry, *Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 716 P.2d 1013, 1016 (Ariz. 1986), "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress," *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)). An employer may, however, be independently liable to a former employee for intentional infliction of emotional distress when it was on notice of ongoing sexual harassment but failed to respond to or remedy the situation. *See Craig*, 496 F.3d at 1059 (first citing *Ford v. Revlon, Inc.*, 734 P.2d 580, 585–86 (Ariz. 1987), and then citing *Smith v. Am. Express Travel Related Servs. Co.*, 876 P.2d 1166, 1173–74 (Ariz. Ct. App. 1994)); *Sternberger v. Gilleland*, No. CV-13-02370-PHX-JAT, 2014 WL 3809064, at *8 (D. Ariz. Aug. 1, 2014).

Here, the Court finds that reasonable minds could differ as to whether Defendant's actions were sufficiently extreme and outrageous and thus will not dismiss Plaintiff's

intentional infliction of emotional distress claim on that basis. Indeed, as indicated above, Plaintiff's complaint makes numerous allegations of harassment against Gustavo, including that he was overly physical with Plaintiff, made unwanted sexual advances toward Plaintiff, engaged in racist comments, and displayed an ornament depicting "[t]hree black [m]onkeys . . . swinging from . . . nooses across his dash board [sic]." (Doc. 13 at 8-12). Plaintiff also alleged that Defendant failed to even investigate this situation after he reported Gustavo's actions to human resources let alone take any responsive remedial measures. (Doc. 13 at 11). Crediting Plaintiff's allegations as true, this alone would be sufficient to state a claim for intentional infliction of emotional distress against Defendant. Plaintiff's additional allegations that he reported the racist comments of both Ken and Timmy Dale to human resources, and that Defendant took no action on these reports as well, buttress the factual plausibility of his claim even further. Accordingly, Plaintiff has adequately alleged that Defendant engaged in extreme and outrageous conduct.

### D. Compliance with Federal Rules of Civil Procedure

Defendant finally argues that the Court should dismiss this action entirely to sanction Plaintiff under Rule 41(b) for failing to comply with the Federal Rules of Civil Procedure. (Doc. 23 at 9).

Federal courts have inherent authority to use sanctions, including dismissal, to control their dockets. *Link v. Wabash Ry.*, 370 U.S. 626, 629 (1962). Rule 41(b) "expressly recognize[s]" this long-held authority, *id.* at 630, and provides the Court with discretion to dismiss "an action" for, inter alia, failing to comply with the applicable procedural rules, Fed. R. Civ. P. 41(b). The Court should not impose the "harsh penalty" of dismissal, however, absent "extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (explaining that that Ninth Circuit's five-factor test to determine whether dismissal is an appropriate sanction is simply "a way for a district judge to think about what to do" when imposing a sanction). Where, as here, a plaintiff is pro se, "in evaluating his compliance with the technical rules of civil procedure, [the Court] treat[s] him with great

leniency." *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

Defendant first seeks dismissal based on Plaintiff's purported failure to comply with Rule 8(a) and Rule 8(d), apparently because his allegations are neither "short and plain" nor "simple, concise, and direct." (Doc. 23 at 9). The Court may dismiss on these grounds, but dismissal "is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). As indicated above, however, Plaintiff's allegations—although slightly convoluted—are at least adequately clear, organized, and intelligible. Plaintiff's complaint sufficiently details the grounds on which his claims rest. Specifically, Plaintiff alleged that he suffered either racial discrimination or sexual harassment at the hands of three of Defendant's employees, that his reports to Defendant's human resources department about these incidents went ignored, and that he was ultimately fired. Moreover, Plaintiff's allegations are not scattered throughout the complaint such that the Court must piece them together itself; rather, the allegations are logically structured around the behavior of the three allegedly harassing employees. *See Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1076 (D. Ariz. 2012). Thus, the Court will not exercise its discretion to dismiss Plaintiff's case based on his purported failure to adhere to the letter of Rule 8's technical requirements.

Defendant also asserts that Plaintiff's complaint violates Rule 10(b), which states that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b); (Doc. 23 at 9-10). Although Plaintiff did not specifically make his allegations under separate "counts," he marshaled them under three separate headings labeled "issues." The allegations under each issue are discrete, each one addresses the alleged harassment carried out by one of Defendant's employees. Thus, it is not clear what, if anything, would inure to Defendant's benefit simply by having Plaintiff replace the word "issue" with the word "count." Indeed, if Rule 10(b)'s goal is to bring clarity to the pretrial process, *see Bautista*

*v. Los Angeles County*, 216 F.3d 837, 840–41 (9th Cir. 2000), then Plaintiff's allegations (bearing in mind that he is self-represented) comport fully with that goal. In other words, Plaintiff has identified separately the occurrences on which he bases his Title VII claim and his intentional infliction of emotional distress claim: one involving Ken, one involving Timmy Dale, and one involving Gustavo. Therefore, the Court does not find any technical lack of compliance with Rule 10(b) to warrant dismissal of Plaintiff's action.

Accordingly, the Court will not dismiss the case for Plaintiff's purported failure to comply with either Rule 8 or Rule 10.[3]

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant Swift Transportation Company's Motion to Dismiss (Doc. 23) is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend his complaint such that Plaintiff may, if he chooses, file an amended complaint repleading his Title VII claims within 14 days of the date of this order. In accordance with District of Arizona Local Rule Civil 15.1(a), an amended complaint must "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15.1(a).

**IT IS FURTHER ORDERED** that Defendant must answer or otherwise respond to the complaint (if no amended complaint is filed) or the amended complaint (if an amended complaint is filed) within 28 days of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 25) is **DENIED** as moot because the Court has already granted Plaintiff leave to amend his

---

[3] Defendant argues that "Plaintiff has named four individual defendants, and because of this, it is impossible to tell which of Plaintiff's causes of action apply to which Defendants." (Doc. 23 at 9). Although Plaintiff identified several individuals as defendants in his civil cover sheet, (Doc. 1 at 2), he did not identify any party but Swift Transportation Company in the caption of his amended complaint, (Doc. 13 at 1). An amended pleading supersedes a prior one in all respects. *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 1921594, at *7 (D. Ariz. April 30, 2019). Because Plaintiff did not re-name these defendants in his amended complaint, those defendants were terminated as of February 14, 2019, and his claim is against Swift Transportation Company only.

complaint. Moreover, Plaintiff's Motion to Amend is also procedurally improper for failure to attach a copy of the proposed amended pleading to the motion in compliance with Local Rule 15.1(a).

Dated this 19th day of November, 2019.

_____
James A. Teilborg
Senior United States District Judge