**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaiah Hoover,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Swift Transportation Company,<br><br>　　　　　Defendant. | No. CV-18-03314-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Isaiah Hoover's ("Plaintiff") Motion for Extension of Time to Amend Complaint. (Docs. 40; 41). Although Defendant Swift Transportation Company ("Defendant") has not responded, in the interest of efficiency and promptly resetting the deadline, the Court will now rule on the motion.

　　　　On November 19, 2019, this Court entered an order partially granting Defendant's motion to dismiss because Plaintiff's own allegations indicated that he filed his Title VII claims outside the applicable ninety-day statute of limitations. (Doc. 39 at 4–5). Given that Plaintiff could possibly plead facts tolling the statute of limitations, however, the Court granted Plaintiff leave to amend his complaint to affirmatively plead such facts. (*Id.* at 5). The Court gave the Plaintiff 14 days to exercise that option. (*Id.* at 9). As of December 3, 2019, Plaintiff had not done so. On December 9, 2019, Plaintiff filed a motion requesting additional time to amend his complaint. (Doc. 40). Plaintiff asserts an extension is justified because his noncompliance was attributable to the post office's alleged failure to timely deliver his mail. (Doc. 41 at 1). "Ironically," Plaintiff explains, "the date my letter was

received was on the final day the courts gave me to amend my complaint." (*Id.* at 1–2).

By rule, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend time." Fed. R. Civ. P. 6(b)(1). Where, as here, the motion is made after the relevant deadline has expired, the court should grant the extension only upon finding excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[D]etermining what sorts of neglect will be considered 'excusable'" generally calls for an equitable inquiry, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The Court must assess "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also Kettle Range Conservation Grp. v. U.S. Forest Serv.*, 8 F. App'x 729, 732 (9th Cir. 2001) ("Failure to consider the '*Pioneer* factors' . . . constitutes an abuse of discretion.").

Considering the *Pioneer* factors, the Court will exercise its discretion to grant Plaintiff an extension. Although Plaintiff's claim that he did not receive notice of this Court's prior order until after the deadline expired may appear unlikely,[1] the Court has no basis upon which it can conclude that the claim is false. If true, that allegation resolves the *Pioneer* factors in Plaintiff's favor. For example, Plaintiff's failure to amend his complaint within the applicable deadline is a paradigmatic example of excusable neglect under Rule 6(b): an omission caused by circumstances beyond his control. *See Pioneer*, 507 U.S. at 392. At this early stage of the litigation, this short delay is also unlikely to significantly impact the proceedings or otherwise prejudice the Defendant. Indeed, Defendant has not yet even filed its answer. Lastly, Plaintiff acted in good faith by filing this motion within one week of the deadline lapsing, indicating that he acted at least reasonably promptly after becoming aware of his noncompliance. *Cf. Smallwood v. Allied Pickfords, LLC*, No. 08cv2196 BTM (RBB), 2009 WL 3247180, at *11 (S.D. Cal. Sept. 29, 2009) ("Furthermore, Atlas acted in good faith by promptly for an extension of time . . . .").

---

[1] The Court notes, for instance, that both of Plaintiff's submissions to this Court are dated December 3, 2019, the final day of the deadline to amend the complaint.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Time to Amend Complaint (Doc. 40) is **GRANTED** such that Plaintiff may, if he chooses, file an amended complaint repleading his Title VII claims within 14 days of the date of this order. The Court reminds Plaintiff that an amended pleading must comply with Local Rule 15.1(a).

**IT IS FURTHER ORDERED** that Defendant must answer or otherwise respond to the complaint (if no amended complaint is filed) or the amended complaint (if an amended complaint is filed) within 28 days of the date of this order.

Dated this 16th day of December, 2019.

James A. Teilborg
Senior United States District Judge