1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9    Isaiah Hoover,                            No. CV-18-03314-PHX-JAT

10                 Plaintiff,                   **ORDER**

11   v.

12   Swift Transportation Company,

13                 Defendant.

14

15          Pending before the Court is Defendant Swift Transportation Company's
16   ("Defendant") motion to dismiss. (Doc. 64). Plaintiff Isaiah Hoover ("Plaintiff") has not
17   filed a response. The Court now rules on the motion.

18   **I.    BACKGROUND**

19          On October 15, 2018, Plaintiff filed a complaint in this Court bringing claims
20   against Defendant for violating Title VII of the Civil Rights Act of 1964 and for intentional
21   infliction of emotional distress. (Doc. 1 at 1, 3, 22).[1] Since then, the Court dismissed his
22   Title VII claim as time-barred for failure to file within 90 days of the EEOC notifying him
23   of his right to sue. (Doc. 39 at 4–5). Because it was possible that the doctrine of equitable
24   tolling applied to his Title VII claim, however, the Court granted Plaintiff leave to amend
25   to permit him to allege facts (if any existed) showing his entitlement to tolling. (*Id.* at 5).

26          Since that time, Plaintiff has not participated actively in this litigation. He did not
27   timely amend his complaint and sought additional time to do so only after the deadline had

28   ───────────
[1] Plaintiff filed an amended complaint on February 14, 2019, alleging the same claims.
(Doc. 13).

passed. (Docs. 40, 41). The Court granted a 14-day extension but, in doing so, noted that Plaintiff's excuse appeared dubious. (Doc. 46 at 2 & n.1). Plaintiff once again failed to amend his complaint within that additional time. (Doc. 54 at 2). Eleven days after that deadline passed, he filed a document apologizing for his tardy filings and lodged a proposed amended complaint. (Docs. 48, 49). In denying that "motion," the Court once again expressed skepticism about Plaintiff's explanation for his delay and observed that his proposed amended complaint did not even correct the deficiency identified by the order issued several months earlier that dismissed his Title VII claim. (Doc. 54 at 2–3). At the conclusion of that order, the Court noted that Plaintiff "has had enough bites at the apple, at some point this litigation must progress." (*Id.* at 3). Yet when it came time for the initial scheduling conference, Plaintiff did not even appear. (Doc. 59).

At that conference, the Court questioned whether it continued to have subject-matter jurisdiction over Plaintiff's state-law tort claim and accordingly ordered Plaintiff to file a brief addressing whether all the members of Defendant's LLC were diverse from him. (Doc. 59). Instead of complying with the Court's order, Plaintiff filed a motion to transfer and asked this Court to vacate its prior decision on his Title VII claim, a request that (once again) sought to revive the claim on grounds wholly unrelated to the reason for dismissal. (Docs. 61, 62).[2] Several weeks after the deadline for Plaintiff to submit briefing on subject-matter jurisdiction expired, Defendant moved to dismiss for failure to comply with the Court's order under Federal Rule of Civil Procedure ("Rule") 41(b). (Doc. 64).

## II.   ANALYSIS

Rule 41(b) codifies courts' inherent authority to dismiss when a party fails to comply with court orders. *Link v. Wabash Ry.*, 370 U.S. 626, 629 (1962). Although a court need not make explicit findings, it must weigh these factors before dismissing: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Henderson v.*

---

[2] This motion does not even attempt to argue that this action could have originally been brought in the Northern District of Georgia. (Doc. 62 at 1–3).

*Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).[3]

As applied here, this five-factor test counsels in favor of dismissal under Rule 41(b). To begin with, Plaintiff has made multiple untimely requests to extend deadlines and has completely failed to respond both to the Court's orders and the pending motion. Resolving the problems resulting from such behavior has "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Thus, these first two factors weigh even more heavily toward dismissal than they usually do. *Woods v. City of Scottsdale*, No. CV 11-02488-PHX-JAT, 2013 WL 5446528, at *2 (D. Ariz. Sept. 30, 2013) (finding the first two factors of the *Henderson* test weigh in favor of dismissal when the plaintiff failed to respond even after the Court granted him "considerable latitude" to file late). And Plaintiff's lack of participation has already caused Defendant prejudice through his failure to appear, without any notice, at the initial scheduling conference. *Cf. Wanderer*, 910 F.2d at 656 (finding prejudice from the combination of a party's failure to attend depositions and comply with court orders). To impose on Defendant the onerous burden of pressing on with this litigation in the face of such uncertain participation from its opponent—particularly when the existence of this Court's subject-matter jurisdiction is an open question—would serve only to expose Defendant to further prejudice. *See Sons of Hell Motorcycle Club v. Ariz. Dept. of Pub. Safety*, No. CV-12-08145-PCT-JAT, 2013 WL 1149947, at *3 (D. Ariz. Mar. 19, 2013) (reasoning that "[i]t would be prejudicial to Defendants to allow this case to proceed without participation from the Plaintiff[]" under the *Henderson* test).

Turning to the final two factors, while the policy preference for resolving cases on their merits always weighs against dismissal, it does so only lightly here. Indeed, Plaintiff

---

[3] Plaintiff's failure to respond to this motion provides an independent basis to grant it under LRCiv. 7.2(i). Because a court must also consider the *Henderson* factors before dismissing under LRCiv. 7.2(i), *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), the analyses under Rule 41(b) and LRCiv 7.2(i) are coextensive here.

has shown no interest in attempting to establish this Court's subject-matter jurisdiction, an indispensable ingredient of a federal court's ability to even render a disposition on the merits. *Cf. Stotts v. Wash. Mut. Bank, F.A.*, No. CV 09-1391-PHX-JAT, 2009 WL 2861406, at *1 (D. Ariz. Sept. 3, 2009) (reasoning that "the public policy in favor of disposing of cases o[n] their merits is not harmed if a Court dismisses a case for lack of jurisdiction"). Lastly, the "availability of other alternatives" factor weighs in favor of dismissal where, as here, (Doc. 24 at 2), the Court has previously warned a party about the consequences of failing to comply with its orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court is also convinced that no lesser sanction will suffice given that Plaintiff has continually sought untimely reconsideration of the months-old order dismissing his Title VII claim on grounds wholly unrelated to the reason for dismissal, routinely fails to meet applicable deadlines, and now flouts direct orders from the Court.[4]

On balance, the five-factor analysis weighs heavily in favor of dismissing this action. Defendant's motions to dismiss will therefore be granted under Rule 41(b).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] In connection with this observation, the Court also finds it worth noting that Plaintiff has sued Walmart and at least three other trucking companies alleging the same claims as he does here. (Doc. 23 at 2 (collecting cases)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.    CONCLUSION**

Therefore,

IT IS ORDERED that Defendant Swift Transportation Company's Motion to Dismiss (Doc. 64) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Isaiah Hoover's Motion to Vacate Dismissal with Prejudice and Motion to Transfer (Doc. 61) and Motion for an Extension of Time (Doc. 65) are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment dismissing all claims with prejudice.

Dated this 29th day of April, 2020.

James A. Teilborg
Senior United States District Judge