**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaiah Hoover, | No. CV-18-03314-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Swift Transportation Company, | |
| Defendant. | |

Plaintiff Isaiah Hoover ("Plaintiff") filed a complaint in this Court alleging that Defendant Swift Transportation Company ("Defendant") discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and committed the tort of Intentional Infliction of Emotional Distress ("IIED") against him. (Docs. 1, 13). In a November 19, 2019 order, the Court dismissed Plaintiff's Title VII claim after concluding that he had failed to file his complaint within 90 days of receiving his right-to-sue letter from the EEOC and had not demonstrated entitlement to equitable tolling. (Doc. 39 at 4–5). After initially granting an untimely motion to extend Plaintiff's deadline to amend his complaint, (Doc. 46), the Court later denied Plaintiff's untimely motion to amend the complaint and admonished Plaintiff for his repeated failure to file within even extended deadlines, (Doc. 54 at 2–3). Finally, the Court dismissed Plaintiff's IIED claim and this action for failure to comply with Court orders. (Doc. 67).

On June 5, 2020, the Ninth Circuit Court of Appeals filed a Referral Notice, (Doc. 71), referring this matter to the Court for the limited purpose of determining whether

Plaintiff's *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

Plaintiff's appeal cannot change certain fundamental facts about this case. The Court warned him of the potential consequences of late filings and noncompliance with Court orders. (Doc. 24 at 2). Yet his filings were perpetually delinquent, he refused to comply with the Court's orders, and did not even respond to Defendant's motion to dismiss. It was for these reasons—which are immutable facts—that the Court dismissed Plaintiff's action.

Since Plaintiff cannot hope to argue that the above did not occur, he will instead be able to offer only excuses for his lateness. But Plaintiff has already made a litany of excuses to this Court. For example, he conveniently claimed that he somehow did not receive the order permitting him to amend his complaint until the final day of the deadline to do so. (Doc. 42 at 1). In addition, he claimed his homelessness prevented him from complying with deadlines in a timely manner even though he had evidently been in contact with Defense counsel via phone and e-mail. (*See* Docs. 53 at 2; 54 at 2). At every turn, the Court has expressed its skepticism of these excuses because of the frequency with which circumstances conveniently prevented Plaintiff from litigating in a timely fashion.

Although the Court accepted those excuses on previous occasions, it is not required to do so in the present context. In fact, under 28 U.S.C. § 1915, the Court must look beyond an *in forma pauperis* plaintiff's contentions and disregard them if they are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court must serve this gatekeeping role, because such litigants "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* at 31 (quoting *Nietzke v. Williams*, 409 U.S. 319, 324 (1989)).

Here, the Court finds that any attempt by Plaintiff to re-raise his excuses as grounds for reversal on appeal will have no arguable basis in fact or law. Specifically, the Court

does not believe that Plaintiff had no way to check his PO box such that he was unaware of the Court's orders. He cannot credibly argue that his living circumstances prevented him from responding to the Court's order regarding jurisdiction or Defendant's motion to dismiss based on that failure. The fact that he filed his motion to vacate/transfer just one week after the Court's order directing him to file a supplement establishing jurisdiction flies in the face of any contention that he could not timely respond.

At bottom, the Court has no reason to conclude that Plaintiff will litigate his case on appeal any differently than he has in this Court. The Court believes he will continue to seek transfer without justification, engage in frequently tardy filings, and to press completely irrelevant arguments in an effort to restore his Title VII claim. In other words, the Court finds Plaintiff's arguments to reverse the Court's April 30, 2020 order—or any other decision—will have no arguable basis in fact or law. Accordingly, the Court finds his appeal is frivolous, and he should not be permitted to continue as a pauper.

**IT IS ORDERED:**

(1) In compliance with the Ninth Circuit's June 5, 2020 Referral Notice, (Doc. 71), the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that an appeal of the Court's April 30, 2020 Order and Judgment would not be taken in good faith.

(2) The Clerk of Court must immediately notify the Ninth Circuit Court of Appeals and the parties of this denial. *See* Fed. R. Civ. P. 24(a)(4). The Clerk of Court must indicate that this Order relates to the Ninth Circuit Court of Appeals' docket number 20-16088.

Dated this 9th day of June, 2020.

James A. Teilborg
Senior United States District Judge